1923 83 Laura Sue Halperin versus Andrew Saul mr. Metaxas yes I'm here thank you mr. Metaxas good to have you here sir it's my honor to be appearing before the Fourth Circuit for the first time your honor and may tell us why the district how the district court aired here then on behalf of your client right absolutely your honor in the present case there are two fundamental errors first the Social Security Administration and District Court misread the law by superimposing additional requirements for equaling listing 14.09 c1 not found anywhere in the text of the listing second even at the Social Security Administration and District Court read the law correctly their decision denying my clients claim were not supported by substantial evidence because my client met those side requirements and the law in question is listing 14.09 c1 which is intended to deal with another medical impairment ankylosing spondylitis but if an individual has an impairment like scoliosis not described in Social Security's listing equivalents may be made to other listings if they are of equal significance to a listed impairment and section 1.00 L of Social Security's musculoskeletal listing states that evaluation of equivalents may be made to listing 14.09 seat if a claimant has scoliosis which results in fixation the requirements of listing 14.09 c1 are simple fixation of the dorsal lumbar spine shown by 45 degrees or more flexion from the vertical position on medical imaging and physical examination that is all it requires and the medical record shows my client met those requirements for almost a four-year period but the Social Security Administration and District Court denied my clients claim for benefits because they superimposed additional requirements for equaling listing 14.09 c1 specifically that the flexion discussed in the listing be forward in nature as opposed to lateral which is the way spines are fixated with scoliosis and that the claimant demonstrate an additional extreme limitation but neither requirement is present in the listing and again the irony is is that even if the Social Security and District Court read the law correctly their decision was not supported by substantial evidence because Ms. Halperin had evidence not just of the lateral fixation that's inherent in scoliosis but also forward fixation otherwise known as kyphosis and also Ms. Halperin had several extreme limitations including difficulty ambulating and difficulty breathing and eating right before her surgery as her ribcage collapsed into her pelvis and she had difficulty with eating and breathing according to the medical evidence of record. Counsel? Yes, Your Honor. This is Judge Freshing. I had a question about that your second argument there and that if if we think at least one part of the ALJ's reasoning was correct if he was correct in in saying that the introductory material does apply to whether you're medically equivalent to the listing so that your client has to have a serious impairment in her ability to see around herself and ambulate effectively. Are you contesting that finding? Are you saying that the ALJ was was wrong to conclude based on the evidence in front of him that she did not have difficulty seeing around herself and ambulating effectively? I didn't because you're relying on these other the eating and breathing I I understand your briefs should not be making the ambulating argument but I want to make sure I'm There's evidence that the Ms. Halperin had difficulty ambulating as well. For instance, in August of 2015 she was seen at Carolina Neurosurgery and Spine and the office notes indicated that she could not stand for long periods of time and over the past few months had stumbled and fallen a lot and that's the administrative record page 728 and I discussed the issue of her actually having an extreme limitation in page 12 of my district court motion for summary judgment brief as well as in my Court of Appeals reply brief your honor. So but just to be clear the extreme limitation that you claim on appeal is that the extreme limitation in her ability to ambulate? Your honor I don't think that's the only extreme limitation I believe that when that is referenced as an example of extreme limitation it's not preclusive and that there are others I think that the most stark one and the one that I I pointed out in my earlier brief briefing was her difficulty with breathing and eating right before her surgery. Okay I I'm really I'm I'm really just trying to understand that as a as a factual matter you're asking us to find that he that he was wrong on the facts to determine that your client did not have difficulty ambulating effectively as that's defined by the regulations or if you're if you're not challenging challenging that factual determination. I am challenging that your honor and it doesn't have to be that you know that Ms. Halperin had difficulty ambulating throughout the course of the whole four-year period. As this court has made clear in Radford v. Colvin so long as there's evidence that all of the elements of the listing were met at least one time or another throughout the course of a 12-month durational period then that would direct the finding of disability if they meet that or equal that least listing. But I should circle back and get to my primary argument which is that the listing does not require an additional extreme limitation and it does not require that the fixation or the flexion in nature be forward in nature. I think that a Pelley's brief tries to direct this court to the introductory comments of chapter 14 of the listings but in the process they ignored introductory comments to the chapter 1 listings and I think that it's interesting when you read section 1.00 L it talks about impairment of ambulation and if you have a curvature of your spine which results in impaired ambulation and then it it goes on to state when an abnormal curvature of the spine results in symptoms related to fixation of the dorsal lumbar spine evaluation of equivalence may be made with reference to 14.09 C. That's what I argued before Judge Jacobson. That's what I argued before the district court. That's what I'm arguing before you today is that my client met those requirements. She had fixation of her dorsal lumbar spine greater than 45 degrees for over a four-year period from when she first sought the help of an orthopedic specialist in 2013 until she finally had her surgery in 2017. Everything else is superfluous. You know the requirement that there be kyphosis or forward fixation. I'm still unclear where the argument is is that where that comes from in the text of the listing or even the introductory comments for that the impaired ambulation. That is specifically an argument for equivalence under listing 14.09 A not listing 14.09 C. As I've said however even if there were such a requirement I do believe that Ms. Halperin's difficulty with breathing and eating as her ribcage collapsed into her pelvis I think satisfies the requirement of an extreme limitation. How old is this lady? Your honor she was she's just about 40 years old. She was born in August of 1980 and she has had scoliosis since childhood but as often happens with scoliosis cases after the birth of her child things got exacerbated to an extreme degree. Well if no one has any further questions for now may it please the court I'll go ahead. For the Social Security Administrator are you there sir? I'm sorry I might have been on mute. Can you hear me now? Yeah I got we can hear you now. You're there I believe. I thought for a while you left. Go ahead. My name is Jim. I'm with the Social Security Administration. It's been many years since I've been in the First Circuit but I'm I'm glad to be back even in this new technological format that we have to deal with. Well we're glad to have you with us and all of us are up against this technological problems and because of the COVID but we're dealing with it so we'll we'll go through it with you. Okay. Tell us why your colleague there isn't right. This lady's disabled it sounds like. She can't get around and she's only 40 years old. Okay as to the point made that that the listings didn't refer to the introductory listings 1.00 meeting the listings is defined in 404 1525 c3 as we will find that your impairment meets the requirements of listing when it satisfies all the criteria in the listing including any relevant criteria in the introduction and meets the duration requirement. In order to equal a listing you have to show symptom signs and medical findings that are at least as significant as the symptom signs and findings required to meet a listing. In this particular case the claimant cannot show ineffective ambulation which is defined in 1.00 capital B to small b ineffective ambulation is defined as having insufficient lower extremity function to ambulate effectively independently without an assistive device that limits the functioning of both upper extremities of both the ALJ I'm so sorry sorry this is Judge Harris I don't understand why we're over there just in looking at L whatever it is 100 dot L which is for scoliosis it says that if your abnormal curvature of your spine results in symptoms related to spinal fixation go over to 1409 C and over there it seems like the medical criteria is the 45 degrees more of flexion from the vertical position and I'm sorry if I'm mispronouncing either anything or everything so why hasn't she met that I don't understand well we're talking about an equal situation that meeting situation and her curvature is an S curvature of scoliosis curvature not a kyphobic forward curvature you call it I'm calling it an S curvature just offhand because it is what it was scoliosis curve is as opposed to kyphosis which is a forward curvature of the spine I'm speaking colloquially regulation that I just read you distinguishes between those two things I understand it's not limited to the forward flexion of the spine it just says flexion it looked to me like the ALJ I can't remember the ALJ or the magistrate judge wrote in their forward flexion but that's not in the regulation no I think he was the magistrate judge was simply addressing the argument that was presented to her that the claimant had spinal fixation under 1409 C but the doesn't the claimant of it but it's not simply a matter of the fixation but there needs to be an extreme limitation the impairment has to result in an extreme limitation and one of the examples in the list is having insufficient ambulation I see that right I see the introductory commentary but I guess what I'm missing I feel like I'm missing some connective tissue if you start at L which the it which covers abnormal curvatures of the spine including scoliosis and that takes you to 1409 C and so you're conceding she meets 1049 C you're just saying there's there's an additional requirement imposed by that introductory commentary is that right so you're not saying she doesn't need I'm so sorry at 1409 C she meets that but the problem is she doesn't meet this introductory commentary but there's a distinction between meeting a listing mainly having the the specific criteria specified listing and equaling a listing which is that your impairment results in symptom signs and findings that are at least as severe as the listing would be so this isn't this is an equals case and that is explained in 15 404 1526 is the regulations to talk about equally a listing and in applying those regulations the LJ found that the severity requirements of listing were not met because the claimant was able to emulate effectively even up to very shortly before her her surgery so I would have thought just sorry counsel just and I promise to stop but I am again I find this case difficult and I am appreciating your help so when I look at the severity thing where it says listing level severity is shown by an impairment that part I would have thought that the severity is the 45 degrees if your spine is bent at an angle of 45 degrees or more that's severe and then it looks to me just kind of plain language like they're saying if you have a 45 degree bend in your spine we will find that that is an extreme limitation it's sort of a it's sort of it's like an irrebuttable presumption but you think it's saying if you have a bend in your spine of 45 degrees we will find that you have an extreme limitation if you have an ability if you also can't see in front of you above of you into the side right I understand the conceptual difficulty of this but in the case of kyphosis for someone's fine were fixed forward she wouldn't in fact have that that difficulty seeing that the listing talks about but but nonetheless as both the LJ and the district court noted the listing requires more than simply curve measurements the listing has to result in an extreme limitation and one example of extreme limitation is an effective ambulation I think as we pointed out in a brief evaluation ineffective and you have to be able to that's the result in the inability to emulate effectively that means you can't walk that means that you have insufficient lower extremity function that limits your ability to walk independently without an assistive device that limits your ability to use both upper extremities in other words it contemplates that the individual would be using a walker or two canes that would be an extreme limitation the ability to emulate counsel sorry this is dead rushing I thought the introductory material kind amended that definition a little bit in for this particular category right it says even if you don't require assisted you know something that would require both of your upper extremities am I right about that you are correct but as the as the LJ pointed out correctly implicitly in the listing is an effective ambulation requirement and just kind of the line of questioning that judge Harris was pursuing I think it's helpful to understand your position it is it do you under do you read the this introductory material to mean that to meet the listing someone also has to show an inability to emulate effectively or if they if they if they meet the listing if they meet what's in there particularly about the curve then and they fall under the that particular diagnosis then then the agency will will assume we'll find we will find that you have an inability to emulate effectively but that if you're not meeting it if you're trying to make medical equivalency then by definition you don't meet the listing and to show that you're at least of the similar severity then then that person would need to show an inability to emulate effectively are you drawing a distinction between those two between what you need to show for medical equivalent versus what you need to show for meeting or or am I misunderstanding I'm drawing a distinction because the thing the listing itself 1409 c1 talks about alkalosis and fixation of the spine forward now she doesn't have those specific findings so we're in the equals category we're in 15 404 1526 equal a listing she has to show that again I am trying desperately to follow you and it just went too fast for me say what is it that she doesn't sorry what why are we in the equals and not the meeting okay to equal those things she would have to have the alkalizing spondylosis and the forward fixation of the spine that's what 1409 talks about in terms of meeting in other words thank for it doesn't say forward this is where I keep getting mixed up it just says 45 degrees well it's the definition of the it's the particular condition right the ankylosis what have you nobody just means fixation right I'm so confident your position that scoliosis is not a form of fixation is that where I'm getting mixed up yes scoliosis is not a form of fixation yes oh why do you say that I thought the fixation had some specialized meaning beyond just you know the bones are fused or stuck together in a way that's you know kind of permanent well I've had some meaning that alkalizing spondylosis is a condition that results in fixation the spine in a fixed immobile position right and why isn't that scoliosis because her spine is not fixed in one position I mean for example during the consultative examination it was noted that she could climb off and off climb often on the examination table she could move around the examination room without any difficulty she could squat and arise from a squat and she didn't have any particular difficulty with moving because her spine is not fixed in one position okay so so you're just this will be my last question so you're saying scoliosis could never qualify under could never meet the criteria in C then that seems weird to me then that why why then did 100 L send people with scoliosis over to 1409 see if by definition they could never meet that criteria they can equal the criteria that's what this case is it's an argument that she both the severity required requirements for listing but equaling the severity requirements requires an extreme limitation not simply a curve measurement I understand okay so if I may just add one more point here at the initial and reconsideration levels two doctors looked at the medical evidence in this case including her spinal x-ray and they looked at it under listing 1.00 for curvature of the spine and they found that the requirements of 1.00 were not met and 1.04 includes an ineffective ambulation requirement so what I would say is doctors look at this they look at the specific medical findings that they had available to them including the the x-ray showing the degree of curvature but they found based on the examination findings in the cultivative examination said no listing was better equal and yes the agency's position is that it's not enough to simply have a spinal curvature but that that that curvature in an equal situation has to be at least resulting in limitations that are at least as severe as the findings required to meet a listing and those findings include a requirement of ineffective ambulation and we cited multiple instances in our brief where the claimant had the ability to ambulate effectively and her gait was normal even very shortly before a surgery obviously where a condition became more severe and we are after all talking about a very young woman here who was working on a part-time basis to a significant degree during 2016 not enough to amount to substantial activity but she was in fact working right up until the time on part-time basis at Staples until shortly before a surgery and I would suggest that the ability to work even on a part-time basis is suggested at least that she does not have a extreme limitation extreme functional limitation from the curvature of spine which he has had her entire life but I'm certainly want to answer the court's questions mr. drum yes your honor anything further no your honor we appreciate it very much thank you thank you mr. Mitaka's the phosphorus I'm here your honor you have rebuttal time thank you your honor I will just note that my client was working part-time through part of the undergoing cancer treatment while she was undergoing her own medical impairments and she worked on a part-time basis because she physically could not work at a full-time basis which is the standard for disability now judge Harris during the last go-round of questioning got it precisely right when she indicated that the introductory comments to chapter 14 create quote an irrebuttable presumption that there is an extreme limitation that exists that's all it does it does not add the text of 14.00 e1 does not add an additional requirement to listing 14.09 c1 it just says we're automatically gonna find that you find that you have an additional extreme limitation when your spine is that profoundly fixated and that's actually in keeping with Social Security's commentary that they made when they adopted that listing 14.09 c1 if I may offer a quote quote we believe ankylosing spondylitis or other spondyloarthropathies with ankylosis of the dorsal lumbar or cervical spine at 45 degrees or more reflection documented as required in the final listing of 14.09 c1 are in themselves indicative of an impairment that precludes any gainful activity and that's the Federal Register volume 73 page number 53 page 14,000 585 I'm sorry yes don't say yeah it seemed to me like I finally understood this thing about whether scoliosis counts as fixation it seems like the government's idea that scoliosis doesn't meet the criteria sort of medical criteria that's set out in 14.09 c because it's not a fixation at all so it doesn't matter if it's 45 degrees forward anywhere it's just not a fixation it doesn't get in the first word what's your response to that why is that wrong if that were the case your honor my client simply could have strained her spine and wouldn't have needed to undergo a two-day surgery in which she was intubated following the surgery before she finally was released from the hospital if you look at footnote 12 of my initial appellant brief it addresses this point head-on that scoliosis is indeed a form of fixation it's a reference to the National Institute of Health it's a study and it talks about structural scoliosis in which the spine is has a fixed curve and it's just that it's a lateral curve not a forward curve but as judge Harris makes clear kyphosis or forward fixation appears nowhere in listing 14.09 c1 it appears nowhere in the introductory comments to the chapter 14 listings or in the chapter one introductory comments good listings and yes can I ask you a question on that line and you your client doesn't you're not claiming she meets the listing right because she doesn't have ankylosing spondylitis or other I'm not sure how to pronounce the next word but it's not exactly within the listing right she's trying to medically equal it that is correct your honor you know in order to meet the listing I'm sorry to interrupt go ahead oh no I like I my question is what do you make of the argument that this introductory material that we will find you have an extreme limitation that if someone meets the listing this seems to be saying then the agency will automatically find that there's an limitation because they meet the listing but if if someone doesn't meet the listing then to equal it they need to be able to show an extreme limitation that's equal that this extreme limitation comes into play when you're trying to show medical equivalence what do you make of that argument well your honor I think that the introductory text the chapter 14 are there they're there to provide context with respect to when you are meeting the listing and you have ankylosing spondylitis not when you are equaling the listing but you can equal the listing if you don't have that medical impairment that ankylosing spondylitis but you otherwise meet all the other elements of the listing as it's and that's per 20 CFR 404 point 1526 b2 and Mike and my client meets all of those impairments and I see my time is up one more question with judge King's indulgence thank you it is is ankylosing spondylitis is that a forward fixed impairment it is your honor it's it's it's forward it's your spine being forward fixated just stuck in that forward position you're hunched over and you know my client you know her her spine was fixated to the side and she was hunched over to the side which is also no picnic unfortunately right right absolutely thank you thank you your honor thank you thank you very much sir if we were in Richmond we'd come down shake hands with you until you we appreciated your arguments so we're going to tell you that anyway it's good to have you with us
judges: Robert B. King, Pamela A. Harris, Allison J. Rushing